IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA

ANGEL SPARROW )
 )
    Plaintiff, )
 )
vs. )
 ) CAUSE NO. 3:07-CV-506-TLS
MICHAEL J. ASTRUE, )
COMMISSIONER OF )
SOCIAL SECURITY, )
 )
    Defendant. )

**OPINION AND ORDER**

Angel Sparrow brought this suit to contest a denial of disability benefits by the Commissioner of Social Security. On October 2, 2008, this Court reversed and remanded the Commissioner's denial of benefits and remanded the case to the Commissioner for further proceedings. Sparrow's attorney, Barry A. Schultz, now moves pursuant to 42 U.S.C. § 406(b) for the Court's authorization of attorney's fees in the amount of $17,322.10. The Commissioner has filed a Response indicating that it has no objection to the awarding of such fees.

42 U.S.C. § 406 governs fees for representing social security claimants, both administratively and in federal court. Section 406(a) concerns fees for representation in administrative proceedings, whereas section 406(b) governs fees for representation in court. Unlike fees obtained under the Equal Access to Justice Act against the Government for taking a position that was not "substantially justified," 28 U.S.C. § 2412(d)(1)(A), fees awarded under § 406 are charged against the claimant.

The Social Security Act provides for an award of attorney's fees for "a judgment favorable to the plaintiff." *Gisbrecht v. Barnhart*, 535 U.S. 789, 795 (2002). Further, the statute provides that a reasonable fee will not exceed twenty-five percent of the past-due benefits. 28 U.S.C. §

406(b)(1)(A). In awarding attorney's fees under § 406(b), the Court is required to review for reasonableness the attorney fees yielded by contingent-fee agreements. *Id.* at 809. Within the twenty-five percent boundary, the attorney for the successful claimant must show that the fee sought is reasonable for the services rendered. *Id.* at 805, 807.

Review of the submitted materials indicates that attorney Schultz spent 43 hours of legal work on this matter. If awarded $17,322.10, this would equate to a fee of $402.84 an hour, reasonable for a contingent-fee, which involves a substantial risk of loss. A $17,322.10 award in this case adequately accounts for not only personal compensation, but also reflects the level of skilled representation received, the attorney's risk that he could have received no payment, and the favorable results obtained in recovering substantial past-due benefits for his client.

Mr. Schultz achieved the result that his client sought in filing this suit, and should be properly compensated. The contractual contingency arrangement, providing for an attorney's fee of twenty-five percent of the benefits awarded to Sparrow, is reasonable compensation for the representation provided in this case.

The Court, therefore, GRANTS the Plaintiff's Motion for Approval of Attorney's Fees Pursuant to 42 U.S.C.A. Section 406(b) [DE 25] and AWARDS Plaintiff's attorney Barry A. Schultz $17,322.10 in attorney's fees pursuant to § 406(b)(1). The Court ORDERS that payment by the Commissioner in the amount of $17,322.10 be paid directly to attorney Barry A. Schultz.

SO ORDERED on May 25, 2010.

 s/ Theresa L. Springmann
THERESA L. SPRINGMANN
UNITED STATES DISTRICT COURT
FORT WAYNE DIVISION